MARTIN A. SCHAINBAUM (CSBN 37257)
BRYANT W.H. SMITH (CSBN 250035)
ANDREW ALLEN (CSBN 269502)
351 California Street, Suite 800
San Francisco, CA 94104-2406
Telephone:   (415) 777-1040
Fax:         (415) 981-1065
Email:       schainbm@taxwarrior.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>INSOO KIM,<br><br>          Defendant. | Case No.: CR 10-0171 RS<br><br>NOTICE OF MOTION AND MOTION FOR DISCOVERY PURSUANT TO RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE<br><br>Judge: Honorable Richard Seeborg<br>Date:   July 6, 2010<br>Time:   2:30 p.m. |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant will move the Court on July 6, 2010 at 2:30 p.m., or as soon thereafter as possible, for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Defendant's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure Rule 16 will be based on this notice and supporting points and authorities, and the Declaration of Martin A. Schainbaum filed herewith.

Defendant requests the Court ORDER Plaintiff to represent on the record that all documents required to be produced by Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, the Fourth, Fifth, and Sixth Amendments to the United States Constitution, or any other legal authority have been produced to Defendant. In the alternative, Defendant requests the Court ORDER production of all documents required to be produced by Rules 16 and 26.2 of the

Federal Rules of Criminal Procedure, the Fourth, Fifth, and Sixth Amendments to the United States Constitution, or any other legal authority be produced to Defendant by July 30, 2010.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISCOVERY**

Defendant INSOO KIM is charged with Three Counts of willfully subscribing a false income tax return, allegedly violating Title 26, United States Code, Section 7206(1) and Eight Counts of willfully failing to pay over employment taxes, allegedly violating Title 26, United States Code, Section 7202.  Discovery is required to insure that the trial in this matter is "a search for truth based on all relevant material, much of which, as a practical matter, [is] in the hands of the government." *United States v. Pollock*, 417 F.Supp. 1332, 1334 (D.Mass. 1976).

Pursuant to Criminal Local Rule 16-2, Plaintiff states as follows:

(1)  On April 5, 2010, Plaintiff's counsel and Defendant's counsel conferred telephonically regarding production of discovery documents required by Rule 16 of the Federal Rules of Criminal Procedure, including all exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Bagley*, 473 U.S. 667 (1985), and *Kyles v. Whitley*, 514 U.S. 419 (1995), and a schedule for such production of documents.

On May 24, 2010, Plaintiff's counsel and Defendant's counsel conferred telephonically regarding production of memoranda of interviews or other records of statements, including those of Defendant, made or possessed by the government or its agent(s) in this matter.

On June 16, 2010, Plaintiff's counsel and Defendant's counsel conferred telephonically regarding production of Internal Revenue Service Revenue Agent Wenjun Wu's daily activity logs and Internal Revenue Service Computer Operator Administrator Sung Shin's Korean language competency rating.

(2)  The government's attorney in each of the aforementioned meetings was Assistant United States Attorney Blake Stamm.  Defendant's attorneys in the April 5, 2010 meeting were Martin A. Schainbaum and Bryant W. H. Smith.  Defendant's attorneys in the May 24, 2010 meeting were Martin A. Schainbaum, Bryant W. H. Smith, and Andrew D. Allen.  Defendant's attorneys in the June 16, 2010 meetings were Martin A. Schainbaum and Andrew D. Allen.

(3) On April 5, 2010, it was agreed that the government would produce the required discovery documents as soon as possible, by April 9, 2010 or as soon thereafter as possible. On April 20, 2010, Defendant's counsel received documents bates numbered US00001-US13650 in response to Defendant's request for Rule 16 discovery.

On May 24, 2010, it was agreed that the government would produce memoranda of interviews or other records of statements, including those of Defendant, made or possessed by the government or its agent(s) in this matter. On May 28, 2010, Defendant's counsel received documents bates numbered US13651-US13728 in response to Defendant's request for memoranda of interviews by the government or its agent(s).

On June 16, 2010, it was agreed that the government would produce Revenue Agent Wu's daily activity logs, the Korean translation of Document 5661, *Non-Custody Statement of Rights, Revision 3-2001* allegedly made by Computer Operator Administrator Shin on May 21, 2008, as stated in US13704, and Computer Operator Administrator Shin's Korean language competency rating as soon as possible.

(4) The matters which are in dispute are whether the government's productions of documents to date constitute all of the discovery required by Rule 16(a) of the Federal Rules of Criminal Procedure, the Fourth, Fifth, and Sixth Amendments to the United States Constitution, or any other legal authority, including by not limited to:

A. All exculpatory evidence. *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667 (1985); *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Bremer*, 482 F.Supp. 821 (D.C.Okla. 1979) (holding that a defendant is entitled to disclosure of any favorable evidence); *United States v. Butler*, 567 F.2d 885, 888 (9th Cir. 1978) (finding that the government's obligation to make available to defendant exculpatory evidence "applies not only to matters of substance, but to matters relating to the credibility of witnesses."); *see also Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Bonnano*, 430 F.2d 1060 (2d Cir. 1970) *cert. denied*, 400 U.S. 964 (1971); *Wheeler v. United States*, 351 F.2d 946 (1st Cir. 1965);

B.   All statements of Defendant.  Federal Rules of Criminal Procedure 16(a)(1)(A) and 16(a)(1)(B); *United States v. Griffin*, 659 F.2d 932 (9th Cir. 1981) (finding that discovery of a defendant's own written or recorded statements should be routinely granted); *United States v. Caldwell*, 543 F.2d 1333 (D.C. Cir. 1975) *cert. denied* 423 U.S. 1087 (1976); *United States v. Projansky*, 44 F.R.D. 550, 552 (S.D.N.Y. 1968); *United States v. Lewis*, 511 F.2d 798 (D.C. Cir. 1975); *United States v. White*, 50 F.R.D. 70 (D.C.Ga. 1970) affirmed, 450 F.2d 264 *cert. denied* 405 U.S. 1072; *United States v. Morrison*, 43 F.R.D. 516, 519 (N.D. Ill. 1967) (holding that this rule applies with equal force to summaries of statements as well as to verbatim recitals thereof.); *United States v. Reid*, 43 F.R.D. 520 (N.D.111. 1967) (interview with a prosecutor or government agent held discoverable); *United States v  Alderisio*, 424 F.2d 20 (10th Cir. 1970) (involving FBI "airtels"); *United States v. Boffa*, 513 F.Supp. 444 (D.C. Del. 1980) (substance of oral statements satisfying Rule 16 (a) (1) criteria discoverable); *United States v. Mitchell*, 613 F.2d 779 (10th Cir. 1980) cert. denied 445 U.S. 419 (1980) (holding that intended use at trial includes rebuttal evidence);*United States v. Narciso*, 446 F. Supp. 252 (E.D. Mich. 1977) (holding that defendant's written or recorded statements (or the substance thereof) are discoverable regardless of whether the government intends to offer such statement in evidence); *United States v. Thevis*, 84 F.R.D. 47, 55-56 (N.D.Ga. 1979); *United States v. Brighton Building & Maintenance Co.*, *supra*, 435 F.Supp. at 232; *United States v. Agnello*, 367 F.Supp. 444, 448-449 (E.D.N.Y. 1973) overruled on other grounds as stated in *United States v. D'Elia*, 2007 US Dist. LEXIS 62658 (M.D. Pa. 2007); *United States v. Crisona*, 416 F.2d 107, 114-115 (2d Cir. 1969); *United States v. Federman*, 41 F.R.D. 339 (S.D.N.Y. 1967) (finding that Rule 16 (a)(l) gives a defendant an "almost automatic right to her written or recorded statements or confessions even where defendant fails to show good cause."); *United States v. Ahmad*, 53 F.R.D. 186 (D.C.Va. 1971); *United States v. Isa*, 413 F.2d 244, 247

(7th Cir. 1969);*U.S. v. Lubomski*, 277 F.Supp 713, 721 (N.D. Ill. 1967); *see also U.S. v. Iovinelli*, 276 F. Supp. 629 (N.D. Ill. 1967); *United States v. Federman*, *supra*, 41 F.R.D. 339;

C. A copy of Defendant's prior criminal record, if any. *See,* Federal Rule of Criminal Procedure 16(a)(1)(D);

D. All documents or tangible objects within the possession, custody, or control of the Government and which are material to the preparation of his defense, which the Government intends to use in its case-in-chief at trial, or which were arguably obtained from or belong to Defendant, his agents or employees. *See,* Federal Rule of Criminal Procedure (16)(a)(l)(E); *United States v. Scruggs*, 583 F.2d 238, 242 (5th Cir. 1978); *United States v. Smalley*, 754 F.2d 944, 950-951 (11th Cir. 1985); *United States v. Givens*, 767 F.2d 574, 583 (9th Cir. 1985). *United States v. Draiman*, 614 F.Supp. 307, 312 (D.C.111. 1985); *United States v. McDaniel*, 428 F.Supp. 1226 (D.C.Okla 1977); *United States v. Bremer*, *supra*, 484 F.Supp. 821; *Williams v. Dutton*, 400 F.2d 797 (5th Cir. 1968) *cert. denied*, 393 U.S. 1105 (1969) (holding that the right to disclosure under *Brady* also "includes evidence important or useful for impeachment purposes."); *United States v. Hildebrand*, 506 F.2d 406 (5th Cir. 1975) *cert. denied*, 421 U.S. 968 (1976); *United States v. Thevis*, *supra*, 84 F.R.D. at 52 (holding that "*Brady* evidence identified by specific request is, by definition, material.");

E. Any results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof, which are in the possession, custody, or control of the government and which are material to the preparation of the defense or which are intended for use by the government as evidence at the trial. *See,* Federal Rule of Criminal Procedure 12(b)(4); *United States v. Rodriquez*, 765 F.2d 1546, 1556, n.12 (5th Cir. 1985); *United States v. Goldman*, 439 F.Supp. 337 (S.D.N.Y. 1977); *United States v. Countryside Farms Inc.*, 428 F.Supp. 1150 (D. Utah 1977); *United States v. Bremer*, *supra*, 482 F.Supp. 821; *United States v.*

*McDaniel*, *supra*, 428 F.Supp. 1226; *United States v. Yates*, 61 F.R.D. 475 (D.C.Ky. 1973); *United States v. Ahmad*, 53 F.R.D. 186 (D.C.Pa. 1971); Federal Rule of Criminal Procedure 16(a)(l)(F); *United States v. O'Shea*, 450 F. 2d 298 (5th Cir. 1971); *United States v. Kamisky*, 275 F.Supp. 365 (S.D.N.Y. 1967). *See also* Rezneck, *The New York Federal Rules of Criminal Procedure*, 54 Geo L.J. 1276, 1278 (1966);

F. Copies of grand jury testimony of
   (i) Any witness testifying before the grand jury whose testimony is favorable to the accused on the question of guilt or punishment within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963).  *See United States v. Five Persons*, 472 F. Supp. 64 (D.C.N.J. 1979) (requiring pretrial disclosure of grand jury testimony if it meets the *Brady* criteria);
   (ii) Any witness testifying before the grand jury who is a member of law enforcement, whether federal, state or local, who related the substance of any oral statement by the defendant, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.  *See United States v. Ahmad*, 53 F.R.D. 186 (D.C.Pa. 1971) (holding that a defendant is entitled to discovery of his testimony or of any statements he might have made); *Bradley v. United States*, 420 F. 2d 181 (D.C. Cir 1969) (finding that disclosure of grand jury minutes should be more readily available where witness is member of law enforcement);
   (iii) Grand Jury transcripts and instructions given to the Grand Jury that returned the indictment in the instant case.  *See,* Federal Rule of Criminal Procedure 7(c)(1).
G. Disclosure of any government informant, including said informant's names(s), address(es); criminal records; any promise or consideration of any kind, including but not limited to: plea agreements or understandings, grants of immunity (or

discussions thereof), or any other inducement to act (or have acted) or to testify, either before the grand jury or at trial, or to cooperate in any fashion in the past, present or future in relation to the instant or any related prosecutions, investigations, pending or anticipated prosecutions against any government informant who has cooperated at any stage of the investigation of the instant offenses or who intends, or is willing to testify on behalf of the government; and anything else which could arguably create an interest or bias in the witness in the favor of the plaintiff or against defendant or act as an inducement to testify or to color testimony; and, in addition, that the government disclose any information in its possession, custody or control tending to show the past misconduct or "bad acts" of said informant(s).  *See Brady v. Maryland*, *supra*, 373 U.S. 83; *Giglio v. United States*, 405 U.S. 150 (1972) (holding all consideration/promises given or made on behalf of all government witnesses discoverable); *United States v. Bonnano*, 430 F 2d 1060 (2d Cir. 1970), *cert. denied*, 400 U.S. 964 (allowing disclosure of all prosecutions, investigations, possible prosecutions against any witness); *United States v. Harris*, 462 F. 2d 1033 (10th Cir. 1973) (finding reversible error not to reveal accomplice testimony resulting from pleas agreement); *Roviaro v. United States*, 353 U.S. 53 (1957); *United States v. Kelly*, 449 F.2d 329, 330 (9th Cir. 1975); *cf. Jiminez v. United States*, 397 F.2d 271 (5th Cir. 1968) *reh. denied*, 421 F.2d 1401 (functional test is whether a defendant would be prevented from making his defense without knowledge of the identity of the informant or her observations and statements); *United States v. Jiles*, 658 F.2d 194 (3rd Cir. 1981); *United States v. Alvarez*, 472 F.2d 111, 113 (9th Cir. 1973); *United States v. Hernandez-Berceda*, 572 F.2d 680 (9th Cir. 1978), cert. denied, 436 U.S. 949; *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973);

H. Disclosure of all witnesses that the government intends to call in its case-in-chief against Defendant INSOO KIM.  Federal Rule of Criminal Procedure 16(a)(l)(G); *Gregory v. United States*, 369 F.2d 185, 187- 188 (D.C. Cir. 1966) [both sides

have equal right of access to witnesses, and should have equal opportunity to interview]; *United States v. Jackson*, 508 F.2d 1001, 1006-7 (7th Cir. 1975); *United States v. Narciso*, *supra*, 446 F.Supp. 252 [FBI agent summaries of interviews which did not relate to prospective witnesses ordered produced upon specific request]; *United States v. Penix*, 516 F.Supp. 248 (D.C. Okla. 1981) [in absence of strong showing that disclosure should not be made, permits pretrial disclosure of impeaching material as to witnesses and non-witness declarations whose statements would be offered in evidence]; *United States v. Bloom*, 78 F.R.D. 591 (D.C. Pa. 1977) [Government required to list non-witnesses and those who may have exculpatory information in time to allow for adequate preparation for trial]; *United States v. Perkins*, 383 F.Supp. 922 (D.C. Ohio 1974);

I. Disclosure of the names and addresses of all individuals that the government has interviewed in the course of the investigation of the instant alleged offenses, including such other investigations as the government instituted or of which it has knowledge that yielded information leading to the events that preceded the arrest and indictment of Defendant herein, *that the Government does not intend to call as witnesses at trial of the instant charges*. *United States v. Mendez-Rodriquez*, 450 F.2d 1 (9th Cir. 1971) [defendant entitled to opportunity to learn identities of individuals who may be able to testify]; *United States v. Valeneula-Bernal*, 458 U.S. 858 (1982); *see also United Stated v. ex rel. Meers v. Wilkins*, 326 F.2d 135 (2nd Cir. 1964); *United states v. Narciso*, *supra*, 446 F.Supp. 252;

J. Disclosure of the criminal records of all prosecution witnesses, including the nature of their offenses, whether such offenses be federal, state or local in nature. *United States v. Ahmad*, 53 F.R.D. 194 (D.C. Pa. 1971); *United States v. Leichtfuss*, 331 F. Supp. 723 (D.C. Ill. 1971); *see also United States v. Turner*, 423 F.Supp 957 [upon proper showing]. Defendant INSOO KIM respectfully submits a proper case is shown here, where the only non-law enforcement

|   |   |   |
|---|---|---|
| 1 |   | witnesses likely to be called against him could be alleged co-participants or |
| 2 |   | informants on whose credibility his defense may turn; |
| 3 | K. | Disclosure of the name of any government expert witness, including the subject |
| 4 |   | matter of his proposed testimony, and any and all reports of forensic testing or |
| 5 |   | procedures, together with all rough data utilized in such work, and the expert's |
| 6 |   | scientific and forensic qualifications. Federal Rule of Criminal Procedure |
| 7 |   | 16(a)(1)(G); |
| 8 | L. | Disclosure of the names and addresses of any government witnesses, or other |
| 9 |   | individuals who possess or may possess favorable evidence to Defendant on any |
| 10 |   | of the following questions: (i) Defendant's guilt or innocence; (ii) all information |
| 11 |   | which may benefit Defendant in the preparation of his defenses, or which may be |
| 12 |   | presented to support a defense based on innocence; or (iv) is otherwise adverse to |
| 13 |   | the government's intended proof. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giles v.* |
| 14 |   | *Maryland*, 386 U.S. 66 (1967); |
| 15 | M. | Disclosure of any electronic or mechanical surveillance of Defendant, any |
| 16 |   | indicted or unindicted co-participants or informants, which may have contributed |
| 17 |   | any relevant information to the investigation leading to the arrest of defendant or |
| 18 |   | the issuance of the instant indictment, as required by 18 U.S.C. section 2515. |
| 19 |   | *United States v. Brodson*, 390 F.Supp. 774 (D.C. Wisc. 1975); 13 U.S.C. section |
| 20 |   | 3504; *United States v. Addonzio*, 313 F.Supp. 486 (D.C.N.J. 1970), *affirmed*, 451 |
| 21 |   | F.2d 49, *cert. denied*, 405 U.S. 1048; *United States v. Macht*, 324 F.Supp. 153 |
| 22 |   | (E.D. Wisc. 1971); *United States v. Black*, 282 F.Supp. 35 (D.D.C. 1968); *United* |
| 23 |   | *States v. Nolte*, 39 F.R.D. 359 (D.C.Cal. 1965); |
| 24 | N. | Disclosure of any formal or informal line-ups or other forms of identification of |
| 25 |   | defendant or co-participants and any statements or reports regarding the methods |
| 26 |   | or procedure of identification of defendant, any indicted or unindicted co- |
| 27 |   | participants, or any informant in relation to the instant charged offenses such |
| 28 |   | "similar" offenses as the Government may, or intends to use as proof against |

defendant herein under Federal Rule of Evidence 404(b) as either proof of conspiracy, aiding and abetting or as substantive evidence, or identification as declarations of any statements that meet the criteria of Federal Rules of Evidence 801(d)(2)(E), irrespective of whether the Government intends to use said statements;

O. Disclosure of the manner or means by which all physical and documentary evidence relevant to the case was obtained. *United States v. Nolte*, 39 F.R.D. 359 (D.C.Ca1. 1965); Federal Rule of Criminal Procedure 16(a)(1)(C);

P. A statement by the government attorney whether the government intends to use Federal Rule of Evidence 404(b) evidence either in its case-in-chief or in rebuttal, including the date or dates of said alleged other offenses, the nature of said offenses and the witnesses thereto that are known to the government or by the exercise of due diligence should become so known, together with such otherwise discoverable information hereunder as is in the government's files regarding such evidence. Federal Rule of Criminal Procedure 16(a)(l)(D).

As to each of the above requests for discovery, Defendant INSOO KIM asserts that disclosure of such information is necessary to familiarize his counsel with the circumstances surrounding the offenses alleged at bar, and that without access to these facts, his counsel will be rendered inadequate. *Cf. Caraway v. Beto*, 421 F.2d 636 (5th Cir. 1970).

## CONCLUSION

WHEREFORE, for the reasons contained hereinabove, Defendant INSOO KIM respectfully submits that he is entitled to discovery of the above-requested information.

Respectfully submitted,

Dated: 21 June 2010

MARTIN A. SCHAINBAUM
A Professional Law Corporation

By /s/ Martin A. Schainbaum
MARTIN A. SCHAINBAUM

Attorneys for Defendant